UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LAKENDRA MARIE RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-273-TRM-MJD |
| ) | |
| THE COMPANY LAB, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Lakendra Marie Rivers ("Plaintiff").Currently before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 1], and Plaintiff's complaint, which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff has failed to state a proper claim over which this Court has jurisdiction. The Court will therefore recommend this case be dismissed with prejudice and Plaintiff's IFP application be denied as moot with no filing fee assessed.

### I. STANDARDS

A plaintiff may commence a civil action in federal court without prepaying the administrative costs of the suit if the plaintiff demonstrates they are financially unable to do so. 28 U.S.C. § 1915(a). However, a district court is required to dismiss the civil action, or portion thereof, if the court determines the complaint is frivolous or fails to state a claim upon which relief can be granted, or if the IFP plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

2

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

II.  ANALYSIS

Plaintiff used a form to draft her complaint. She identifies "The Company Lab" as the only defendant. The allegations in Plaintiff's complaint consist primarily of vague, disjointed sentence fragments. For example, she writes[1] that the "government has been taking my S.S.I.[2] money . . . I was 18 years old, 16,480, so now them people talking about I been working. I have not [illegible] My S.S.I. off 29 years I have been paying money." [Doc. 2 at Page ID # 11]. She further writes:

> I don't know why the government working or trying to get my money and this has to stop. People are using my SSN number. So can all help me, I just can't keep going like this.
> . . . .
>
> Can all help me . . . it makes no sense to . . . feel like this. I do not owe no money. Them people are trying to make me go crazy and I don't owe $5,300 . . . I was paying $16,800; $10,200.
>
> Can all help me find out who used my SSN number. This has been going on . . . How do I owe money that I didn't get? So can all try to get me a new SSN number because them people is using my SSN number and I want all to see that I have not lied. . . . I want to be happy and loved I just hope all can help me. Them people need to be in jail. . . .

[*id.* at Page # 12].

---

[1] In quoting Plaintiff's filings, the Court has made some minor, non-substantive corrections and alterations without the use of brackets.

[2] Supplemental Security Income

3

Case 1:25-cv-00273-TRM-MJD   Document 8   Filed 09/03/25   Page 3 of 6   PageID #: 104

Shortly after filing her complaint, Plaintiff also submitted a 39-page compilation of letters and other information mailed to her from the Social Security Administration ("SSA"), which the Court construes as a supplement to Plaintiff's complaint [Doc. 7 ("Supplement")]. The Supplement provides some context for Plaintiff's complaint. It appears Plaintiff has received monthly SSI payments for several years, although at various points in time, her payments have been reduced or stopped altogether. On August 13, 2025, Plaintiff received a notice from the SSA stating:

> We plan to lower your monthly Supplemental Security Income (SSI) payment from $967.00 to $0.00 beginning September 2025. The amount will change because your other income increased.
>
> We are also changing the amounts you were due for January 2025 through August 2025. Your amounts changed because your other income increased.
>
> . . . .
>
> We will send you another letter about any overpayment.

[Doc. 7 at Page ID # 35]. According to the August 13 notice, the SSA determined Plaintiff had verified wages of $100 for December 2024; $5,300 for January through March 2025; $5,300 for April through August 2025; and $5,300 "for September 2025 on." [Doc. 7 at Page ID # 40].

According to Plaintiff, the income listed was paid by Defendant the Lab Company ("Defendant"). As far as the Court can tell, Plaintiff alleges that she never worked for Defendant and that a third party used her social security number illegally to apply for a job with Defendant and receive wages.

Plaintiff has not stated a claim over which this Court has jurisdiction. To the extent she asks the Court to initiate criminal proceedings against the individual(s) who allegedly used her social security number to apply for work and receive wages, she lacks standing. *See Sanders v. Carro*, No. 5:23 CV 01922, 2024 WL 382454, at *2 (N.D. Ohio Feb. 1, 2024) (citations omitted). To the extent Plaintiff is asking the Court to review the termination of her SSI, the Court observes

4

that "its jurisdiction is limited to reviewing final decisions of the Commissioner." *See Wood v. Kijakazi*, No. 1:20-CV-323-TAV-CHS, 2023 WL 2664738, at *4 (E.D. Tenn. Mar. 28, 2023) (citing 42 U.S.C. § 405(g)); *see also Gray v. Berryhill*, No. 17-12433, 2017 WL 4778712, at *3 (E.D. Mich. Oct. 23, 2017) (discussing requirement that administrative remedies be exhausted before an SSI recipient can challenge reduction in benefits). The record reflects Plaintiff has not exhausted her administrative remedies, as the letter from the SSA dated August 13, 2025, describes in detail Plaintiff's right to request an appeal. [*See* Doc. 7 at Page ID # 35, 37–40]. It appears Plaintiff is still well within the time period for doing so. [*See id.* at Page ID # 78 ("You have 60 days to file an appeal. The 60 days start the day after you get this letter.")].

As a result of this fatal defect in Plaintiff's case, the Court finds justice would not be served by requiring Plaintiff to amend her complaint at this stage. *See* Fed. R. Civ. P. 15. Furthermore, because the Court will recommend that Plaintiff's case be dismissed in its entirety, it is unnecessary to discuss the significant deficiencies in Plaintiff's IFP application in any detail or to require Plaintiff to submit a corrected IFP application.[3] Rather, Plaintiff's case should be dismissed with no filing fee assessed, and her IFP application should be terminated as moot.

### III. CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS**[4] Plaintiff's claim(s) be dismissed and this case **CLOSED**. The Court further **RECOMMENDS** Plaintiff's IFP application [Doc. 1] be **DENIED AS MOOT** with no filing fee assessed.

---

[3] For example, Plaintiff lists $49,500,00 as the total value of all of her assets, and when asked to identify her occupation, she writes: "Why this company is using my SSN and tell them I was working." [Doc. 1 at Page ID # 2, 5].

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file

Plaintiff is hereby **NOTIFIED** that the Court will not consider any requests to amend her complaint until after the presiding District Court Judge rules on the recommendations made herein. Any such requests for relief are subject to being summarily denied.

ENTER:

/s/ *[signature]*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).